| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| JEFFREY A. KNAPP, | ) No. CV 17-3859-JAK (PLA) |
|---|---|
| Petitioner, | ) **ORDER TO SHOW CAUSE RE: DISMISSAL** |
| | ) **OF HABEAS PETITION FOR FAILURE TO** |
| v. | ) **STATE A CLAIM AND/OR AS** |
| | ) **UNEXHAUSTED** |
| L.A. COUNTY SHERIFF'S DEPT., | ) |
| Respondent. | ) |

On May 23, 2017, petitioner filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 ("Petition" or "Pet."), challenging his June 17, 2016, conviction for receiving stolen property (Cal. Penal Code § 496), in the Antelope Valley courthouse of the Los Angeles County Superior Court. (ECF No. 1). In his sole ground for relief, petitioner alleged that the trial court gave him an illegal one-year prison prior enhancement pursuant to California Penal Code section 667.5(b). (Pet. at 2). On May 31, 2017, after reviewing the Petition, the Court ordered petitioner to file an Amended Petition by June 30, 2017, using the proper Central District of California § 2254 form petition, which was provided to petitioner along with the May 31, 2017, Order. (ECF No. 3). The Court also informed petitioner that in completing the provided form he must demonstrate to the Court that he has exhausted his claim(s).

On June 19, 2017, petitioner submitted his First Amended Petition ("FAP") to the Court, using the form supplied to him. The Court has reviewed the FAP and determined that it is subject to dismissal for failure to state a claim, failure to exhaust, and/or failure to name the proper respondent.

**A.  FAILURE TO STATE A CLAIM**

Under 28 U.S.C. § 2254(a), petitioner may only seek habeas relief if he is contending that he is in custody in violation of the Constitution or laws or treaties of the United States. See Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); Smith v. Phillips, 455 U.S. 209, 221, 102 S. Ct. 940, 71 L. Ed. 2d 78 (1982) ("A federally issued writ of habeas corpus, of course, reaches only convictions obtained in violation of some provision of the United States Constitution."). Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rule 2") requires that a petitioner specify all the grounds for habeas relief as well as the facts supporting each ground. Habeas Rule 2(c). A petitioner is required to set forth a "detailed statement" explaining his habeas claims. See Mayle v. Felix, 545 U.S. 644, 649, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005) ("[Habeas] Rule 2(c) . . . requires a . . . detailed statement. The habeas rule instructs the petitioner to 'specify all the grounds for relief available to [him]' and to 'state the facts supporting each ground.'").

The FAP raises one ground for relief in which petitioner alleges "[Antelope Valley] Court would not give me any Court transcri[p]ts." (Pet. at 5). He then states as supporting facts the following: "How could I file and ap[p]eal when I have no paperwork. I also wrote State Bar Ass. to have my attorney . . . to send my paperwork. No luck. They are deep trouble if you w[]ere to see what went on." (FAP at 5). This "claim," which is ambiguous at best, does not clearly set forth the ground for relief petitioner purports to be bringing, and the Court is unable to discern from the

2

way petitioner presented his ground for relief what federal constitutional claim(s) (if any) petitioner is alleging or intending to bring in this action. Additionally, the Court also notes that the sentencing error claim raised by petitioner in the original Petition is not included in the FAP, and the Court is left to speculate whether petitioner intended to delete that claim when he filed his FAP.

In short, in its present format, the FAP does not provide either a clear legal basis for habeas relief or specific supporting facts for petitioner's alleged claim(s). For these reasons, the Court concludes that the FAP does not clearly state a claim pursuant to 28 U.S.C. § 2254(a), and does not contain any claim that meets the standard set forth in Habeas Rule 2(c) requiring a statement of specific grounds and facts.

**B.   EXHAUSTION**

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the state, through counsel. See 28 U.S.C. § 2254(b)(3).

Exhaustion requires that petitioner's contentions be fairly presented to the *state* supreme court even if that court's review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077, n.3 (9th Cir. 2000). Petitioner must give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" in order to exhaust his claims. O'Sullivan, 526 U.S. at 845. A claim has not been fairly presented unless the

prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996); Bland v. Cal. Dep't of Corr., 20 F.3d 1469, 1473 (9th Cir. 1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017 (9th Cir. 2000). State remedies are not exhausted if an appeal or petition for post-conviction relief is still pending in state court. Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983) (if petitioner has a pending state appeal, he "must await the outcome of his appeal before his state remedies are exhausted"); Schnepp v. Oregon, 333 F.2d 288, 288 (9th Cir. 1964) (per curiam) (state remedies are unexhausted where a petition for post-conviction relief is still pending in state court). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

Here, with regard to his "claim" that the Los Angeles County Superior Court in Antelope Valley refused to provide him with his court transcripts, although petitioner states that he raised this "claim" on direct appeal to the California Court of Appeal and the California Supreme Court, as well as in a habeas petition to the California Supreme Court, the exhibits attached to the FAP indicate that petitioner merely raised this issue in letters to the superior court and the California Supreme Court and not in a formal motion or petition. (FAP Exs. F, H). As the FAP, therefore, appears to be unexhausted, it is subject to being dismissed without prejudice. Greenawalt v. Stewart, 105 F.3d 1268, 1271, 1273-75 (9th Cir. 1997).

**C.  PROPER RESPONDENT**

A petitioner seeking habeas corpus relief must name the state officer having custody of him as the respondent to the Petition. See Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts. This person typically is the immediate custodian of the facility in which the petitioner is incarcerated.[1] Stanley v. Cal. Sup. Ct., 21 F.3d 359, 360 (9th Cir. 1994);

---

[1]  In this case, the proper respondent would be the Los Angeles County Sheriff.

Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam) (explaining that a federal habeas petitioner's immediate custodian is the only party that can actually produce "the body" of the petitioner). Here, petitioner names the "Los Angeles County Sheriff's *Department*" as respondent. Failure to name the correct respondent deprives federal courts of personal jurisdiction. Stanley, 21 F.3d at 360; Dunne, 875 F.2d at 249.

**D.     ORDER**

Based on the foregoing, **on or before July 28, 2017**, petitioner is ordered to show cause why this action should not be dismissed for failure to state a claim and/or as unexhausted. To avoid dismissal, **on or before July 28, 2017**, petitioner must file a response to this Order demonstrating that he has a claim (or claims) upon which habeas relief may be granted by indicating (1) the specific ground(s) for relief and supporting facts on which he seeks habeas relief, and (2) clearly indicating that his claim (or claims) have been fairly presented to the California Supreme Court.

The filing by petitioner of a Second Amended Petition -- on the Central District of California's form Petition for Writ of Habeas Corpus pursuant to § 2254 -- **on or before July 28, 2017**, containing the required information as detailed above, shall be deemed compliance with this Order. A Second Amended Petition should reflect the same case number (CV 17-3859-JAK (PLA)), be clearly labeled "Second Amended Petition," and be filled out completely. In section 8 of the Second Amended Petition (at page 5), petitioner should specify **separately and concisely** each federal constitutional claim that he seeks to raise herein and answer all of the questions pertaining to each claim, including whether it has been raised in the California Supreme Court. That is, all claims that petitioner intends to bring before this Court must be in one document. Petitioner must also name the proper respondent. The Court Clerk is directed to send petitioner a blank copy the Central District's form Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254.

If instead petitioner agrees that this action should be dismissed without prejudice for failure to state a claim and/or as unexhausted, **on or before July 28, 2017**, he may submit a **fully completed** Notice of Voluntary Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1) ("Rule 41"). He may then return to the state courts to exhaust whatever claim(s) he may wish to later bring in this Court. The Court clerk is directed to send petitioner a copy of the blank Central District form titled "Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)" along with this Order to Show Cause. If petitioner chooses this option, he (1) must not file any other document with his Notice of Voluntary Dismissal; and (2) must be mindful of the one-year limitation period under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").

**Petitioner is advised that his failure to timely file a response to this Order, as set forth herein, will result in the action being dismissed for failure to state a claim and/or as unexhausted, and/or for failure to prosecute and follow Court orders. Petitioner is also advised that the filing of a petition for federal habeas corpus relief does not toll the AEDPA's one-year statute of limitations**. Duncan v. Walker, 533 U.S. 167, 172, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001).

DATED: June 26, 2017

PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE